UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RAYMOND JACKSON, | Case No.: 2:23-cv-01112-APG-MDC |
| Plaintiff | **Order** |
| v. | |
| NDOC MEDICAL, et al., | |
| Defendants | |

Plaintiff Raymond Jackson brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at High Desert State Prison. ECF No. 18.  On June 2, 2024, I ordered Jackson to file an amended complaint by August 30, 2024. ECF No. 17.  That deadline expired and Jackson did not file an amended complaint, move for an extension, or otherwise respond.  Furthermore, my order came back as undeliverable to the address that Jackson provided to the Court, and Jackson has not filed an updated address with the Court. ECF No. 19.

I. **Discussion**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).  In determining whether to dismiss an action on one of these grounds, I must consider: (1)

the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Jackson's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed

until and unless Jackson files an amended complaint, the only alternative is to enter a second order setting another deadline.  But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the court's finite resources.  The circumstances here do not indicate that this case will be an exception: my previous order came back as undeliverable, and Jackson has not filed an updated address, making it unlikely that a second order setting another deadline would even reach Jackson.  Setting another deadline is not a meaningful alternative given these circumstances.  So the fifth factor favors dismissal.

## II.     Conclusion

Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal.  It is therefore ordered that this action is dismissed without prejudice based on Jackson's failure to file an amended complaint in compliance with my June 2, 2024, order.  The Clerk of Court is directed to enter judgment accordingly and close this case.  No other documents may be filed in this now-closed case.  If Jackson wishes to pursue his claims, he must file a complaint in a new case.

It is further ordered that Jackson's application to proceed *in forma pauperis* (ECF No. 11) is denied as moot.

Dated: September 20, 2024

_____
U.S. District Judge

3